Despite the attempt by the majority of my colleagues to find support in the record for the action of the trial court, the following factors necessitate that I advocate a contrary position:
 1. The conduct which constituted a nuisance was the illegal sale of drugs at McDonough's Lounge.
 2. Even though the Youngstown Police Department conducted a 15 month undercover investigation, at no time did they observe the owners of said lounge participate in any illegal drug transactions. Indeed, during the aforementioned period of surveillance, they only observed one of the owners at the bar on a single occasion.
 3. Apparently, no one ever made any prior complaint to the owners of the bar.
 4. All drug transactions were conducted by a single employee of the lounge (i.e., Reynold DePaul).
 5. Upon notification that said employee was arrested for illegal drug sales, the owners terminated his employment and forbade his presence on their premises.
 6. The only evidence[1] which implicated the owners of the lounge with the illegal drug activities that constituted the nuisance finding, was the testimony of two police officers that the lounge in question had a general reputation for being an establishment in which illegal drugs could be purchased.
From the foregoing factors, it is clear that in order to sustain the action of the trial court, one would need to equate the general reputation of the establishment as per se equivalent to a finding that the owners acquiesced in the drug transactions on their premises. This is so because it is clear that there was no evidence set forth by the trial court that the owners participated in the sale or received any portion of the proceeds. Moreover, they abated the nuisance once they were advised of the conduct which constituted the nuisance.
Although the applicable statute does not define Aacquiesced," Black'sLaw Dictionary defines acquiescence as Aa person's tacit or passive acceptance; implied consent to an act." Black's Law Dictionary, 7th Ed.
However, is it not logical to assume that in order to accept or consent to an act, there must first be some knowledge of that act?
Moreover, one of the cases relied upon by the majority gives additional support for the proposition that in order to find that the owner acquiesced in the conduct that constituted a nuisance, there must be some showing that the owner knew or should have known of the offending conduct. That is, in the case of State ex rel. Freeman v. Pierce (1991),61 Ohio App.3d 663, the court held:
 A[I]n order to obtain an abatement order pursuant to R.C. 3719.10 and 3767.02 et seq., it is necessary for the relator to prove by clear and convincing evidence that the defendant had knowledge of and either acquiesced to and participated in a felony conviction of R.C. Chapter 2925 or 3719 on the property." Freeman, supra at 671. [Emphasis added].
As I read Freeman, supra, you need to first show the knowledge of the felonious conduct, then must show either acquiescence or participation in the conduct. Otherwise, any owner of any property could risk closure of their business, even if they merely were absentee investors in the business, upon a showing of the general reputation for that property even though they never received any prior complaints.
I am mindful that R.C. 3767.05 states that such general reputations of the place or business as prima facie evidence of the nuisance and of acquiescence and participation therein, but prima facie evidence means nothing more than the establishment of a fact that will sustain a judgment in the absence of contradictory evidence. See Black's LawDictionary, 7th Ed. It does not necessarily rise to the level of high probability or reasonable certainty envisioned by the Aclear and convincing evidence" standard applicable to this type of nuisance proceeding. See Black's Law Dictionary and Freeman, supra.
Here, there was at the very least, sufficient evidence to rebut the prima facie evidence contemplated by the aforementioned statute. Had the trial court recited any evidence relative to prior complaints, citations, or anything that could have supported a reasonable conclusion that the owners had actual or constructive notice of the offending conduct, I would not disturb the judgment of the trial court. To deprive two individuals of their livelihood based solely upon an establishment's purported general reputation, as in the case sub judice, is an embrace of the same evidentiary standards in vogue in Salem, Massachusetts in the 17th Century.
As I do not find there is sufficient evidence in the record to support the trial court's judgment by a clear and convincing evidence standard, I find merit in appellant's assignment of error. Accordingly, I respectfully dissent from the opinion of my learned colleagues.
[1] As determined from the Judgment Entry of the trial court filed January 26, 2000.